| | |
|---|---|
| **UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON TACOMA, WASHINGTON** | |
| MARICELA RAMIREZ,<br>　　　　　Plaintiff,<br>Vs.<br>DR. JOHN L. HART, D.O.<br>PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER<br>SO YUN PARK GRACE, M.D.<br>JOY ERICKSON, P.A.<br>SOUTHWEST MEDICAL GROUP – FISHER'S LANDING AKA PEACEHEALTH MEDICAL GROUP<br>DOES 1 TO 100, INCLUSIVE<br>　　　　　Defendants. | CASE No.:<br><br>COMPLAINT FOR DAMAGES |

## 1. PARTIES TO THIS COMPLAINT

**Plaintiff's Name, Address and Phone Number:**

MARICELA RAMIREZ, PRO SE
12638 NW Barnes Road, # 8
Portland, OR 97229
(503)644-7173

**Defendants' Name, Address and Phone Number:**
DR. JOHN L. HART, D.O.
PEACEHEALTH SOUTHWEST MEDICAL CENTER
AKA SOUTHWEST WASHINGTON MEDICAL CENTER
400 NE Mother Joseph Place
Vancouver, WA 98664
SO YUN PARK GRACE, M.D.
JOY ERICKSON, P.A.
SOUTHWEST MEDICAL GROUP – FISHER'S LANDING
AKA PEACEHEALTH MEDICAL GROUP
16811 SE McGillivray
Vancouver, WA 98683

**COMPLAINT**

1

COMES NOW Plaintiff MARICELA RAMIREZ, individually, and complains and alleges as against defendants JOHN L. HART, D.O., SO YUN PARK GRACE, M.D., JOY ERICKSON, P.A., et al, in an individual capacity, and against defendants PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER, and SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING as a commercial business and each of them, as follows:

1. MARICELA RAMIREZ is, and at all times relevant herein was an individual with her principal place of residence located within the City of Portland, State of Oregon and temporary residence, from November 5, 2009 thru around the end of June 2011, located within the City of Santa Rosa, State of California.

2. Plaintiff is informed and believes, and upon such information and belief alleges that at all times relevant herein, defendants JOHN L. HART, D.O. et al., are employees of the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER. Plaintiff is informed and believes, and upon such information and belief alleges that at all times relevant herein, defendants SO YUN PARK GRACE, M.D., JOY ERICKSON, P.A., et al. are employees of the SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING. The PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER and SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING were private enterprises duly organized and existing under and by virtue of the laws of the State of Washington, with its principal place of business located within the City of Vancouver, State of Washington. Plaintiff is informed and believes that said

2

Plaintiff MARICELA RAMIREZ' Complaint for Damages

defendants are, and were the private enterprises responsible for the management and control of defendants JOHN HART, D.O., SO YUN PARK-GRACE, M.D., JOY ERICKSON, P.A. et al.

3. Each defendant named above is a natural person, except defendants PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER and SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING are private organizations.

4. Plaintiff is presently unaware of the true identities and capacities of those defendants sued fictitiously herein as DOES 1 through 100, inclusive. Plaintiff will seek leave of this court to assert such identities and capacities when the same have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Defendants sued fictitiously herein is responsible in some manner for the injuries and damages alleged by plaintiff herein, as either an agent, master, servant, employer, employee, partner, associate, and/or joint venture, or otherwise.

5. Doe defendants 1 to 100, Inclusive are persons whose capacities are unknown to plaintiff.

6. This court is the proper court because injury to person or damage to personal property occurred in its jurisdictional area.

7. Plaintiff has suffered general damage, loss of kidneys function, liver function, gallbladder function and loss of other internal organs, gastro esophageal reflux disease, laryngopharyngeal reflux disease and cancer.

8. Plaintiff believes, and upon such belief alleges that at all times relevant herein, defendants, and each of them, acted in doing the things complained of herein with deliberate indifference and/or reckless disregard of the safety of Plaintiff.

Plaintiff MARICELA RAMIREZ' Complaint for Damages

9. Plaintiff sent notice of her claim to the Risk Management Dept. Registered Agent, around October 9, 2012.

10. In Washington State the statute of limitations for discrimination and medical malpractice is three years. Furthermore, Washington has an eight year statute of repose for medical malpractice claims. Pursuant to RCW 4.16.350 (3), "An entity, whether or not incorporated, facility, or institution employing one or more persons described in subsection (1) of this section, including, but not limited to, a hospital, clinic, health maintenance organization, or nursing home; or an officer, director, employee, or agent thereof acting in the course and scope of his or her employment, including, in the event such officer, director, employee, or agent is deceased, his or her estate or personal representative; based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission: PROVIDED, That the time for commencement of an action is tolled upon proof of fraud, intentional concealment, or the presence of a foreign body not intended to have a therapeutic or diagnostic purpose or effect, until the date the patient or the patient's representative has actual knowledge of the act of fraud or concealment, or of the presence of the foreign body; the patient or the patient's representative has one year from the date of the actual knowledge in which to commence a civil action for damages." Furthermore, Plaintiff respectfully requests that the Court waives or extends the statute of limitations for date of service December 6, 2006, taking into consideration as good cause Plaintiff's disability due to her serious condition.

4

Plaintiff MARICELA RAMIREZ' Complaint for Damages

11. The damages claimed for physical harm, pain and suffering, life care and medical expenses and psychological harm are in Attachment 1.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff MARICELA RAMIREZ, alleges that defendants DR. JOHN HART, D.O. et al. and DOES 1 to 100 Inclusive were the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant DR. JOHN HART, D.O. negligently caused the damage to Plaintiff on December 6, 2006, at approximately 12:00 p.m. at the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER: Plaintiff MARICELA RAMIREZ suffered of severe itching and burning throughout her entire body, nausea, intolerance to dairy, protein, and phosphorous containing foods, severe headaches, severe muscle weakness, back pain, extreme weakness, etc., which were symptoms of her kidney failure, other internal organs failure, and nerve damage. Plaintiff MARICELA RAMIREZ was deliberately misdiagnosed and deliberately denied adequate medical care resulting in permanent kidney failure and failure of other internal organs and cancer. Furthermore, Defendant JOHN HART, D.O. intentionally wrote untrue and defamatory statements on Plaintiff's medical records to intentionally defame her character and to prevent that she received adequate medical care bar Plaintiff from filing her complaint of medical malpractice and discrimination. Furthermore, Plaintiff was deliberately discriminated against in a place of public accommodations because of her race and disability and was denied adequate medical care for treatment of her kidney failure, other internal organs failure, symptoms of cancer and nerve damage. Plaintiff should have been hospitalized for treatment of her internal organs failure and cancer. In March 2012, Plaintiff started suffering of symptoms of esophageal and head cancer, which has caused her severe pain and worsened her condition and her

5

Plaintiff MARICELA RAMIREZ' Complaint for Damages

disability, which could have been prevented if DR. HART had hospitalized Plaintiff to provide her with adequate medical care for treatment of her kidney failure, other internal organs failure and symptoms of cancer. Furthermore, Plaintiff believes that if she had received adequate medical care she would have lived with less pain and less disability and the cancer would not have spread to nearby tissue and organs.

      13. Plaintiff MARICELA RAMIREZ, alleges that defendants SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. and DOES 1 to 100 Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A., et al. and DOES 1 to 100 Inclusive negligently caused the damage to Plaintiff around July 19, 2010, and on July 29, 2010, at approximately 10:00 a.m. at the SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING: Defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. intentionally covered-up that Plaintiff MARICELA RAMIREZ had and would continue having internal organs failure and instead Plaintiff MARICELA RAMIREZ was deliberately misdiagnosed and deliberately denied adequate medical care resulting in permanent kidney failure and failure of other internal organs and cancer. Furthermore, Defendants SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A., intentionally wrote untrue and defamatory statements on Plaintiff's medical records to intentionally defame her character and to prevent that she received adequate medical care to bar Plaintiff from filing her complaint of medical malpractice and discrimination. In March 2012, Plaintiff started suffering of symptoms of esophageal and head cancer, which has caused her severe pain and worsened her condition and her disability, which could have been prevented if DR. PARK-GRACE and MS. ERICKSON had hospitalized Plaintiff to provide her with

6

Plaintiff MARICELA RAMIREZ' Complaint for Damages

adequate medical care for treatment of her kidney failure, other internal organs failure and symptoms of cancer and if they had recommended that she needed medical care from several specialist including a cancer specialist to monitor her early symptoms of cancer. Furthermore, Plaintiff believes that if she had received adequate medical care she would have lived with less pain and less disability and the cancer would not have spread to nearby tissue and organs.

14. Plaintiff MARICELA RAMIREZ, alleges that Defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. and DOES 1 to 100 Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, Defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A., et al. and DOES 1 to 100 Inclusive negligently caused the damage to Plaintiff on October 15, 2010, at approximately 12:00 a.m., at the SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING: Defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. and DOES 1 to 100 Inclusive, intentionally discriminated against Plaintiff in a place of public accommodations because of her race and disability and wrote her a letter stating that SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING would not continue providing medical care to Plaintiff.

15. The results of blood tests ordered by Defendants' DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. are inaccurate and/or misleading due to the fact that the results show normal function of Plaintiff's internal organs. Furthermore, the results of the kidney ultrasound of Plaintiff are also inaccurate due to the fact that the results show that her kidneys are unremarkable. Furthermore, the results of abdominal CT scan of Plaintiff are also inaccurate and/or misleading due to the fact that the results show that her internal organs are unremarkable.

16. On December 6, 2006, at approximately 12:00 p.m. at the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER, DR. HART intentionally covered-up that Plaintiff had kidney failure, other internal organs failure, nerve damage and cancer and deliberately denied her adequate medical care.

Plaintiff MARICELA RAMIREZ' Complaint for Damages

Around July 19, 2010, on July 29, 2010, at approximately 12:00 a.m., and on October 15, 2010, at approximately 12:00 a.m., DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. deliberately covered-up that Plaintiff had kidney failure, other internal organs failure, nerve damage, and cancer and deliberately denied her adequate medical care. Around October or December 2005, DR. PAUL PUZISS, M.D. gave Plaintiff an injection with anti-inflammatory medications into her left upper arm for treatment of her nerve damage. On March 13, 2006, Plaintiff's occupational therapist at OREGON HEALTH AND SCIENCE UNIVERSITY HOSPITAL (OHSU) gave her an injection into her right wrist that contained anti-inflammatory medications for treatment of her right carpal tunnel syndrome. On October 17, 2006, DR. JENNIFER LOCHNER, M.D., Plaintiff's Primary Care Physician at OHSU, gave her an injection into her right leg that contained anti-inflammatory medications for treatment of her nerve damage. Around August or September 2006, a UW Medical Center doctor gave Plaintiff an injection into her left leg that contained anti-inflammatory medications for treatment of her nerve damage. And on November 13, 2006, DR. JOEL SOLOMON, M.D., Plaintiff's hand doctor at OHSU, gave her an injection into her right wrist that contained anti-inflammatory medications for treatment of her right carpal tunnel syndrome. The injection given to Plaintiff on November 13, 2006, caused her symptoms of kidney damage and other internal organs damage.

17. On December 6, 2006, at approximately 12:00 p.m. at the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER, DR. HART, was aware of Plaintiff MARICELA RAMIREZ' condition and acted with deliberate indifference and/or reckless disregard to the safety of Plaintiff and covered-up that she had kidney failure, and other internal organs failure and cancer to bar Plaintiff from filing her complaint of medical malpractice and discrimination. Furthermore, Plaintiff believes that DR.

8

Plaintiff MARICELA RAMIREZ' Complaint for Damages

HART and other hospital staff retaliated against Plaintiff for having filed complaints against her previous health care providers who caused Plaintiff's internal organs damage and who intentionally discriminated against Plaintiff and denied her adequate medical care.

18. Around July 19, 2010, on July 29, 2010 and on October 15, 2010, DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. were aware of Plaintiff MARICELA RAMIREZ' condition and acted with deliberate indifference and/or reckless disregard to the safety of Plaintiff and covered-up that she had kidney failure, other internal organs failure, nerve damage and cancer to bar Plaintiff from filing her complaint of medical malpractice and discrimination. Furthermore, Plaintiff believes that DR. PARK-GRACE and MS. ERICKSON and other medical group staff retaliated against Plaintiff for having filed complaints against her previous health care providers who caused Plaintiff's internal organs damage and who intentionally discriminated against Plaintiff, denied her adequate medical care and launched a persecution against Plaintiff to prevent that she receives adequate medical care. Furthermore, DR. PARK-GRACE and MS. ERICKSON deliberately covered-up the gross negligence and recklessness of DR. ALEXANDER CHOW, M.D., Plaintiff's former primary care physician. On September 9, 2009, ALEXANDER CHOW, M.D. told plaintiff that the symptoms she was suffering of were symptoms of kidney problems. For this reason, on several occasions, plaintiff requested a referral from DR. CHOW to consult a nephrologist. ALEXANDER CHOW, M.D. refused to give said referral to Plaintiff and instead, on October 29, 2009, DR. CHOW, gave a prescription for Bactrim to patient, which caused more damage to her kidneys, liver, gallbladder and to other internal organs and also worsened her gastro esophageal reflux disease and laryngopharyngeal reflux disease. After Plaintiff started taking Bactrim, her condition worsened.

Plaintiff MARICELA RAMIREZ' Complaint for Damages

Bactrim caused Plaintiff to suffer of restless legs syndrome, restless arms syndrome, hematuria and gross hematuria, confusion, disorientation, extreme weakness, etc. Plaintiff's pharmacist told her to stop taking Bactrim. Plaintiff informed DR. ALEXANDER CHOW, M.D. plaintiff's former primary care physician of her intolerance to Bactrim. Then DR. ALEXANDER CHOW, M.D. Plaintiff's former primary care physician told Plaintiff that he was going to change her medication and acted with negligence and deliberate indifference and/or reckless disregard to the safety of Plaintiff and ordered a prescription for Cipro which caused even more damage to her kidneys, liver and gallbladder and to other internal organs and more nerve damage to Plaintiff's pre-existing nerve damage. After Plaintiff started taking Cipro, her condition worsened. Cipro caused Plaintiff to suffer of confusion, disorientation, extreme weakness, very low blood pressure, internal bleeding, etc. Plaintiff believes that she should have been hospitalized to prevent her condition from worsening. On October 3, 2009, MARK HUBBARD, M.D. told Plaintiff during consultation that they couldn't start treating her because it could make her sicker. Furthermore, in May 2010 during consultation, Plaintiff told MARSHALL STOLLER, M.D., UCSF Medical Center Urologist, that Bactrim and Cipro caused her gross hematuria, etc. To this, MARSHALL STOLLER, M.D. responded to Plaintiff that they "couldn't give her anything."

     19. Such deliberate indifference and/or reckless disregard included, but is not limited to, the failure to provide proper medical care, failure to properly monitor Plaintiff's symptoms of kidney, liver, gastrointestinal and gallbladder problems and cancer and failure to properly monitor Plaintiff's blood pressure, which would likely result in Plaintiff suffering a heart attack or a stroke and damage to other internal organs, and did in fact result, in damage to Plaintiff's heart and to the spread of cancer to Plaintiff's nearby organs and tissue. In March 2012, Plaintiff

10

Plaintiff MARICELA RAMIREZ' Complaint for Damages

started suffering of symptoms of esophageal cancer and head cancer, which has caused her more severe pain and worsened her condition and her disability.

20. On December 6, 2006, all defendants were aware that Plaintiff's condition was serious; However, all defendants deliberately and maliciously covered-up that Plaintiff's condition was serious and deliberately denied her adequate medical care.

21. Around July 19, 2010, on July 29, 2010 and October 15, 2010, all defendants were aware that Plaintiff's condition was serious and deliberately and maliciously covered-up that Plaintiff's condition was serious and deliberately denied her adequate medical care by telling plaintiff: that the results of her blood tests and urine tests were normal. And that her low blood pressure, unexplained weight, etc. were normal.

22. Plaintiff respectfully requests that the Court takes into consideration Plaintiff's ill health and waives or extends the statute of limitations for the dates of service of December 6, 2006, for which her claim of discrimination in a place of public accommodations based on race is barred by the three year statute of limitations.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIRST CAUSE OF ACTION- MEDICAL MALPRACTICE

**(For Professional Negligence and misdiagnosis as against JOHN HART, D.O., SO YOUNG PARK-GRACE, M.D., JOY ERICKSON, P.A. et al. and does 1 through 100, Inclusive)**

23. As and for a First Cause of action, Plaintiff repleads and realleges the allegations contained within Paragraphs 1 through 11, and incorporate the same herein as if set forth in full and verbatim.

24. Plaintiff MARICELA RAMIREZ, alleges that Defendants JOHN HART, D.O., SO YOUNG PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al. and DOES 1 to 100 Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to Plaintiff on December 6, 2006, at approximately

11

Plaintiff MARICELA RAMIREZ' Complaint for Damages

12:00 p.m. at the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER: Plaintiff MARICELA RAMIREZ suffered of severe itching and burning throughout her entire body, nausea, intolerance to most foods, severe abdominal pain, severe back pain, extreme weakness, etc., which were symptoms of her kidney failure, other internal organs failure, symptoms of cancer and nerve damage. Plaintiff was denied adequate medical care for treatment of her kidney failure, other internal organs failure, nerve damage and symptoms of cancer.

25. Plaintiff MARICELA RAMIREZ alleges that Defendants SO YOUNG PARK-GRACE, M.D. and JOY ERICKSON, P.A., et al. and DOES 1 to 100 Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, Defendant negligently caused the damage to Plaintiff on July 29, 2010, at approximately 12:00 p.m., and on October 15, 2010, at approximately 12:00 p.m. at the SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING: Plaintiff MARICELA RAMIREZ suffered of severe itching and burning throughout her entire body, nausea, intolerance to most foods, severe abdominal pain, severe back pain, extreme weakness, etc., which were symptoms of her kidney failure, other internal organs failure, nerve damage and symptoms of cancer. DR. PARK and MS. ERICKSON ordered blood tests and urine tests and intentionally concealed that Plaintiff suffered and would continue suffering of kidney failure, other internal organs failure, nerve damage and symptoms of cancer and intentionally declined to hospitalize Plaintiff for treatment of her internal organs failure and symptoms of cancer, which would have prevented her condition from worsening. DR. PARK and MS. ERICKSON told Plaintiff that the results of the blood and urine tests were normal. Plaintiff was deliberately misdiagnosed and the duty of DR. PARK and of MS. ERICKSON as her doctors to provide

12

Plaintiff MARICELA RAMIREZ' Complaint for Damages

plaintiff with appropriate medical care for kidney failure, other internal organs failure, and cancer was breached and plaintiff was deliberately denied adequate medical care for kidney failure, other internal organs failure, and cancer.

26. On December 6, 2006, Defendant JOHN HART, M.D. did unlawfully, and without consent, caused harm to plaintiff by denying adequate medical care to plaintiff and by writing untrue and defamatory statements against Plaintiff to defame her character.

27. On July 29, 2010 and on October 15, 2010, Defendants DR. SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. did unlawfully, and without consent, caused harm to plaintiff by intentionally concealing that Plaintiff suffered and would continue suffering of kidney failure, other internal organs failure and cancer and denying adequate medical care to plaintiff.

28. On September 28, 2009, plaintiff consulted COREY RICHARDSON, P.A. dermatologist at THE VANCOUVER CLINIC for treatment of a rash and itching, which plaintiff believes were symptoms of her internal organs failure, gastro esophageal reflux disease and laryngopharingeal reflux disease. COREY RICHARDSON, P.A. documented on her medical records, "Positive for stomach and bowel problems, some chest pain, and kidney problems." Under ASSESSMENT, he wrote, "The causes of generalized pruritus can include diabetes, renal failure, liver disease, infection, lymphomas, .." In addition, during consultation, COREY RICHARDSON, P.A. told plaintiff that her condition was caused by internal problems.

29. Defendants' JOHN HART, M.D., SO YUN PARK-GRACE, M.D. and JOY ERICKSON, P.A. et al., professional negligence and recklessness caused plaintiff to endure excessive daily physical pain and psychological pain. Due to her internal organs failure

13

Plaintiff MARICELA RAMIREZ' Complaint for Damages

plaintiff's system continues rejecting most foods, medications, most vitamins and most supplements.

30. The results of blood tests done at the VANCOUVER CLINIC, UW MEDICAL CENTER, UCSF MEDICAL CENTER and SUTTER MEDICAL CENTER ER are inaccurate and/or misleading due to the fact that the results show normal function of plaintiff's internal organs. Furthermore, the results of the kidney ultrasound of plaintiff done at the PEACE HEALTH MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER are also inaccurate and/or misleading due to the fact that the results show that her kidneys are unremarkable. Furthermore, the results of plaintiff's abdominal CT scan done at UCSF MEDICAL CENTER are also inaccurate and/or misleading due to the fact that the results show that her internal organs are unremarkable.

31. In doing these acts, defendants, and each of them, acted with deliberate indifference and/or reckless disregard to deprive plaintiff of adequate medical care.

32. By reason of the foregoing, plaintiff has been damaged in an amount well in excess of the minimum jurisdictional amount required by this court.

33. As a further direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered damages in an amount according to proof and well above the jurisdictional minimum of this court.

WHEREFORE, Plaintiff prays for judgment as set forth below.

SECOND CAUSE OF ACTION – DISCRIMINATION IN A PLACE OF PUBLIC ACCOMODATION ON THE BASIS OF RACE AND DISABILITY

**(For Discrimination in a Place of Public Accommodations on the basis of race under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e and following) against Defendants JOHN HART, D.O., SO YUN PARK GRACE, M.D. AND JOY ERICKSON, P.A. For**

14

Plaintiff MARICELA RAMIREZ' Complaint for Damages

**Discrimination in a Place of Public Accommodations on the basis of disability under Section 504 of the Rehabilitation Act, 29, U.S.C. § 794(a) and under Americans with Disabilities Act, U.S.C. § 12101** *et seq.***) against Defendants JOHN HART, D.O., SO YUN PARK GRACE, M.D. AND JOY ERICKSON, P.A.)**

34. As and for a First Cause of action, Plaintiff repleads and realleges the allegations contained within Paragraphs 1 through 11, and incorporate the same herein as if set forth in full and verbatim and paragraphs 12 through 22 of their Facts Common to All Causes of Action, and incorporate the same herein as if set forth in full and verbatim.

35. Plaintiff MARICELA RAMIREZ, alleges that Defendants, JOHN HART, D.O. et al., and Does 1 to 100, Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendants negligently caused the damage to Plaintiff on December 6, 2006, at approximately 12:00 p.m. at the PEACEHEALTH SOUTHWEST MEDICAL CENTER AKA SOUTHWEST WASHINGTON MEDICAL CENTER: Plaintiff MARICELA RAMIREZ was deliberately discriminated against because of her disability and because of her Mexican-American race and was deliberately denied adequate medical care resulting in permanent damage to her kidneys and to internal organs and cancer. Discrimination based on disability includes discrimination based on the severity or complexity of a person's disability. See 28 C.F.R. §§ 35.130(b)(30, 41.51 (b)(3); 45 C.F.R. § 84.4(b)(4). The ADA and § 504 regulations prohibit the differential treatment of individuals with disabilities or any class of individuals with disabilities, such as those with more severe or complex disabilities, with respect to their opportunity to participate in or access the full range of aids, benefits or services in any program operated by a public entity. See 28 C.F.R. §§ 35.130(b)(1)(ii) and (b)(1)(iv); 45 C.F.R. §§ 84.4(b)(ii) and (b)(1)(iv).

36. Defendants, and each of them, in so doing, acted with deliberate indifference and/or reckless disregard to the rights and safety of Plaintiff, so as to deprive Plaintiff of her protected right to be hospitalized to receive adequate medical care for treatment of her condition. Such actions were done with deliberate indifference and/or reckless disregard to the right and safety of Plaintiff and further deprived Plaintiff of her protected right to be hospitalized to receive adequate medical care for treatment of her condition.

37. Plaintiff MARICELA RAMIREZ, alleges that Defendants, SO YUN PARK, M.D., JOY ERICKSON, P.A. et al., and Does 1 to 100, Inclusive were the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendants negligently caused the damage to Plaintiff around July 19, 2010, and on July 29, 2010 and on October 15, 2010, at approximately 12:00 p.m. at the SOUTHWEST MEDICAL GROUP AKA PEACEHEALTH MEDICAL GROUP – FISHER'S LANDING:: Plaintiff MARICELA RAMIREZ was deliberately discriminated against because of her disability and because of her Mexican-American race and was deliberately denied adequate medical care resulting in permanent damage to her kidneys and to internal organs and cancer. Discrimination based on disability includes discrimination based on the severity or complexity of a person's disability. See 28 C.F.R. §§ 35.130(b)(30, 41.51 (b)(3); 45 C.F.R. § 84.4(b)(4). The ADA and § 504 regulations prohibit the differential treatment of individuals with disabilities or any class of individuals with disabilities, such as those with more severe or complex disabilities, with respect to their opportunity to participate in or access the full range of aids, benefits or services in any program operated by a public entity. See 28 C.F.R. §§ 35.130(b)(1)(ii) and (b)(1)(iv); 45 C.F.R. §§ 84.4(b)(ii) and (b)(1)(iv).

38. Defendants, and each of them, in so doing, acted with deliberate indifference and/or reckless disregard to the rights and safety of Plaintiff, so as to deprive Plaintiff of her protected

16

Plaintiff MARICELA RAMIREZ' Complaint for Damages

right to be hospitalized to receive adequate medical care for treatment of her condition. Such actions were done with deliberate indifference and/or reckless disregard to the right and safety of Plaintiff and further deprived Plaintiff of her protected right to be hospitalized to receive adequate medical care for treatment of her condition.

39. As a further direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered damages in an amount according to proof and well above the jurisdictional minimum of this court.

40. The Americans with Disabilities Act[1] , considers professional offices of health care providers a place of public accommodation.

41. On December 6, 2006, around July 19, 2010, on July 29, 2010, and on October 15, 2010, defendants did unlawfully, and without consent, caused harm to plaintiff by discriminating against plaintiff because of her race and disability and denying proper medical care to plaintiff.

42. Such deliberate discrimination included, but is not limited to, the failure to provide proper medical care, failure to properly monitor plaintiff's symptoms of kidney, liver, gastrointestinal and gallbladder problems and cancer and failure to properly monitor plaintiff's blood pressure, which would likely result in plaintiff suffering a heart attack or a stroke and damage to other internal organs, and did in fact result, in damage to plaintiff's heart and to the spread of cancer to plaintiff's nearby organs and tissue. In March 2012, plaintiff started suffering of symptoms of esophageal cancer and head cancer, which has caused her more severe pain and worsened her condition and her disability.

43. In doing these acts, defendants, and each of them, acted with deliberate indifference and/or reckless disregard to deprive plaintiff of adequate medical care.

44. By reason of the foregoing, plaintiff has been damaged in an amount well in excess of the minimum jurisdictional amount required by this court.

45. As a further direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered damages in an amount according to proof and well above the jurisdictional minimum of this court.

WHEREFORE, Plaintiff prays for judgment as set forth below.

Plaintiff MARICELA RAMIREZ' Complaint for Damages

RELIEF

46. Plaintiff relied upon defendants, and each of them to provide her with adequate medical care for renal failure, other internal organs failure and cancer. Instead, plaintiff was denied adequate medical care for treatment of her renal failure, other internal organs failure and cancer at all times.

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1. For compensatory damages in the amount of $ 2,000,000.00, as allowed by law;

2. For punitive damages against the individually-named defendants;

3. For attorneys' fees pursuant to 42 U.S.C. Section 1988;

4. For costs of suit incurred herein; and

5. For such further and other relief as this court deems just and proper.

JURY DEMAND:

47. Plaintiff hereby respectfully demands a jury trial on all issues so triable.

Respectfully Submitted,

Dated: October 2, 2013         By: "/s" Maricela Ramirez
                                MARICELA RAMIREZ

---

1 "Americans with Disabilities Act.
Subchapter III – Public Accommodations and Services Operated by Private Entities
(7) Public Accommodation
The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce:
(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
(B) a restaurant, bar, or other establishment serving food or drink;
(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition entertainment;
(D) an auditorium, convention center, lecture hall, or other place of public gathering;
(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
(G) a terminal, depot, or other station used for specified public transportation;
(H) a museum, library, gallery, or other place of public display or collection;
(I) a park, zoo, amusement park, or other place of recreation;
(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and

(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation."

Plaintiff MARICELA RAMIREZ' Complaint for Damages

ATTACHMENT 1

WHEREFORE, Plaintiff prays for judgment against all defendants as follows:

1. For compensatory damages in the amount of $2,000,000.00, as allowed by law;
2. For punitive damages against the individually-named defendants;
3. For attorneys' fees pursuant to 42 U.S.C. Section 1988;
4. For costs of suit incurred herein; and
5. For such further and other relief as this court deems just and proper.

Plaintiff MARICELA RAMIREZ' Complaint for Damages