UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARICELA RAMIREZ, | CASE NO. C13-5873 RJB |
| Plaintiff, | ORDER ON MOTION FOR RECUSAL |
| v. | |
| JOHN L HART, et al., | |
| Defendant. | |

On March 10, 2014, Plaintiff filed "Plaintiff's Notice of Motion and Motion for Judge to Be Disqualified or Recused." Dkt. No. 21. The presiding judge, U.S. District Judge Robert J. Bryan, reviewed the motion and declined to recuse himself voluntarily. Dkt. No. 22. In accordance with the Local Rules of this district, the matter has been referred to this Court for review. LCR 3(e).

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a

party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

Reviewing Plaintiff's motion and accompanying documentation, it is clear that her argument that Judge Bryan should recuse himself is based solely on a series of rulings with which she disagrees.  *See* Dkt. No. 21, pp. 1-2. This is not a legally sufficient basis for a recusal.  A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties.  Bias is almost never established simply because the judge issued an adverse ruling.

Plaintiff may disagree with Judge Bryan's rulings, but that is a basis for appeal, not disqualification. Upon review of the record, the Court finds that Judge Bryan's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion to recuse Judge Bryan..

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 13th day of March, 2014.

Marsha J. Pechman
United States Chief District Judge