1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA
10

11    MARICELA RAMIREZ,                        CASE NO. C13-5873 RJB

12                Plaintiff,              ORDER ON DEFENDANTS'
                                      MOTION FOR SUMMARY
13         v.                     JUDGMENT

14    JOHN L HART, PEACEHEALTH
   SOUTHWEST MEDICAL CENTER, SO
15    YUN PARK GRACE, JOY ERICKSON,
   SOUTHWEST MEDICAL GROUP -
16    FISHER'S LANDING, DOES 1-100,

17               Defendants.

18      This matter comes before the court on Defendants' Motion for Summary Judgment. Dkt.

19 28. The court has reviewed the relevant documents and the remainder of the file herein.

20                         <u>PROCEDURAL HISTORY</u>

21      On October 2, 2013, plaintiff filed a civil complaint against Dr. John L. Hart, D.O.;

22 Peacehealth Southwest Medical Center aka Southwest Washington Medical Center; So Yun Park

23 Grace, M.D.; Joy Erickson, P.A.; Southwest Medical Group–Fisher's Landing aka Peacehealth

24 Medical Group, and Does 1 to 100, inclusive. Dkt. 1-1, Dkt. 3. On November 27, 2013, plaintiff

1   filed a First Amended Complaint for Damages.  Dkt. 9.  The complaint alleges claims against

2   defendants for (1) medical malpractice, by failing to diagnose and treat her kidney disease, other

3   internal organ failure and gastro esophageal reflux disease; (2) discrimination in a place of public

4   accommodation, in violation of Title II and Title VII of the Civil Rights Act of 1964, on the basis

5   of her Mexican-American ethnicity, by denying her adequate medical care; and (3)

6   discrimination on the basis of disability under the Americans with Disabilities Act and the

7   Rehabilitation Act by denying her adequate medical care.  Dkt. 9.

8                                    MOTION FOR SUMMARY JUDGMENT

9          On April 28, 2014, defendants filed a motion for summary judgment, contending that (1)

10   most of plaintiffs medical malpractice claims are time barred by the three-year statute of

11   limitations of RCW 4.16.350(3); and that plaintiffs medical treatment met applicable standards

12   of care and was not a proximate cause of plaintiffs alleged injuries; (3) any claim under Title VII

13   of the Civil Rights Act is time barred; plaintiff was not in an employment relationship with

14   defendants; she had not met the notice requirement of such a claim; and  her claim for monetary

15   damages is not available under Title VII; (4) any claim under the Title II of the Civil Rights Act

16   is without merit because there is no admissible evidence that defendants discriminated against

17   plaintiff based on her Mexican-American race or ethnicity; (5) any claim under Section 504 of

18   the Rehabilitation Act should be dismissed because most of the claim is time barred by the three

19   year statute of limitations period of RCW 4.16.080(2); such a claim cannot be brought against

20   individual defendants; and there is no evidence that defendants intentionally or with deliberate

21   indifference discriminated against plaintiff based on her alleged disability; and (6) any claim for

22   discrimination under the ADA is without merit because most of the claim is time barred by the

23   three year statute of limitations period of RCW 4.16.080(2); monetary damages is not a available

24

1  under Title III of the ADA; and there is no admissible evidence that defendants discriminated

2  against plaintiff because of her disability.  Dkt. 28.  Defendants request that the court award

3  costs, disbursements, and attorney's fees incurred in connection with plaintiff's federal claims

4  under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 2000a-3(b), 29 U.S.C. § 794a(b) an 42 U.S.C. §

5  12205.  Dkt. 28, at 19.

6        On April 29, 2014, the court issued a Notice, informing plaintiff of the requirements to

7  respond to a motion for summary judgment.  Dkt. 32.  In that Notice, the court informed plaintiff

8  that defendants were requesting attorney's fees in connection with their motion for summary

9  judgment, and plaintiff was advised that she should address this issue in her response to the

10  motion for summary judgment.  Dkt. 32.

11        On May 16, 2014, plaintiff filed a response to defendants' motion for summary judgment.

12  Dkt. 34.  Plaintiff first requests that the court deny, defer, or continue defendants' motion for

13  summary judgment until discovery has been completed.  Dkt. 34, at 1-2.  Plaintiff further argues

14  that (1) this motion is premature and that expert testimony is not required because defendants'

15  gross deviation from ordinary care is easily recognized; (2) defendants are jointly and severally

16  liable for causing plaintiff's kidney failure, failure of other internal organs, and cancer; (3) the

17  claims for discrimination in a place of public accommodation have merit, apparently because 42

18  U.S.C. § 1981 and 42 U.S.C. § 1983 prohibit discrimination; and (4) she is entitled to equitable

19  tolling of the statute of limitations in regard to the medical malpractice claims because of fraud

20  and intentional concealment.  Plaintiff also objects to results of blood tests and medical records

21  from various health care providers (Dkt. 34, at 14-6) and to defendants' expert witness evidence

22  (Dkt. 34, at 16-17).  Plaintiff contends that she is not a serial litigator.  "Plaintiff objects to

23  Defendants' statement that Plaintiff is a serial litigator.  Plaintiff is not a serial litigator.  Plaintiff

24

1   is a person of integrity and filed lawsuits against Defendants and other health care providers to

2   bring them to justice for the ongoing physical and psychological harm that they caused her and

3   for defaming her character.  Moreover, Plaintiff has never been compensated for her internal

4   organs damages and for cancer damages." Dkt. 34, at 17.  In support of her opposition, plaintiff

5   filed various documents related to her complaint to the Washington Human Rights Commission

6   and to her medical care.  Dkt. 34-1.

7        On May 22,  2014, defendants filed a reply, contending that plaintiff has not met the

8   standard under Fed.R.Civ.P. 56(d) to deny, defer, or continue the motion for summary judgment;

9   plaintiff has not provided expert testimony in support of her medical malpractice claim; there is

10  no admissible evidence to support plaintiff's claims for discrimination based upon her race or

11  alleged disability; the majority of plaintiff's claims are time-barred; and plaintiff should not be

12  permitted to amend her claims under 42 U.S.C. §§ 1981 and 1983.  Dkt. 36.

13                              <u>LEGAL STANDARD</u>

14       Summary judgment is proper only if the pleadings, the discovery and disclosure materials

15  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

16  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

17  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

18  showing on an essential element of a claim in the case on which the nonmoving party has the

19  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

20  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

21  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

22  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

23  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

24

1   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

2   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

3   *Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

4   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

5          The determination of the existence of a material fact is often a close question.  The court

6   must consider the substantive evidentiary burden that the nonmoving party must meet at trial–

7   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

8   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

9   of the nonmoving party only when the facts specifically attested by that party contradict facts

10  specifically attested by the moving party.  The nonmoving party may not merely state that it will

11  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

12  to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra).*

13  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be

14  "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

15         If defendants raise an issue, based upon the pleadings, the burden shifted to plaintiff to

16  make a sufficient showing on all essential elements of plaintiff's claim, on which plaintiff has the

17  burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. at 323-325 (burden of moving party in

18  summary judgment motion may be met by pointing out to the district court that there is an

19  absence of evidence to support the nonmoving party's case; once the moving party has met its

20  initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify

21  facts which show a genuine issue for trial).  In so doing, the nonmoving party must rely

22  exclusively on admissible evidence to establish such specific facts in opposition to the moving

23  party's motion. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). Plaintiff's own self-

24

1  serving statements, conclusions, and opinions are insufficient to defeat a motion for summary

2  judgment. *See* Fed. R. Civ. P. 56(e)(2); *Coverdell v. Dept. of Social & Health Svcs*., 834 F.2d

3  758, 769 (9th Cir. 1987); CR 56(e), *Grimwood v. Univ. of Puget Sound, Inc*., 110 Wn.2d 355,

4  359-61, 753 P.2d 517 (1988).

5  <u>REQUEST PURSUANT TO FED.R.CIV.P. 56(d)</u>

6        Plaintiff has requested that the court deny, defer, or continue defendants' motion for

7  summary judgment until discovery has been completed.  Dkt. 34, at 1-2.  Plaintiff contends that,

8  as a result of a conspiracy planned by defendants, she has been unable to complete discovery;

9  and that "as a result of the unlawful and unethical tactics planned by Defendants to make

10  impossible for Plaintiff to obtain diagnosis for her kidney failure, other internal organs failure

11  and cancer, Plaintiff has been unable to complete discovery." Dkt. 34, at 2.

12        Fed.R.Civ.P. 56(d) provides as follows:

13  **(d) When Facts Are Unavailable to the Nonmovant.**
    If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
14  present facts essential to justify its opposition, the court may:
    **(1)** defer considering the motion or deny it;
15  **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    **(3)** issue any other appropriate order.

16

17        A party requesting a continuance, denial, or other order under Rule 56(d) must

18  demonstrate: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further

19  discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose

20  summary judgment.  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp*., 525 F.3d

21  822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  The rule

22  requires (a) a timely application which (b) specifically identifies (c) relevant information, (d)

23  where there is some basis for believing that the information sought actually exists. *Employers*

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 6

1    *Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th

2    Cir. 2004).  The burden is on the party seeking additional discovery to proffer sufficient facts to

3    show that the evidence sought exists, and that it would prevent summary judgment.  *Chance v.*

4    *Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001); *Tatum v. City & County of San*

5    *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  The movant "must make clear what information

6    is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853

7    (9th Cir. 1998).  Denial of a Rule 56(d) application is proper where it is clear that the evidence

8    sought is almost certainly nonexistent or is the object of pure speculation.  *State of Cal., on*

9    *Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th

10   Cir. 1998).  Failing to meet this burden is grounds for the denial of a Rule 56(d) motion.

11   *Pfingston v. Ronan Eng. Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

12          Plaintiff has not met the standard to support her request that the court deny, defer, or

13   continue defendants' motion for summary judgment until discovery has been completed.

14   Plaintiff's conclusory statements regarding a conspiracy, and unlawful and unethical tactics are

15   not sufficient to meet her burden under Fed.R.Civ.P. 56(d).

16          Plaintiff's request that the court deny, defer, or continue defendants' motion for summary

17   judgment until discovery has been completed should be denied.

18                                    <u>DISCUSSION</u>

19          When a plaintiff proceeds *pro se*, the district court is required to afford plaintiff the

20   benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to

21   the district court.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), *citing Morrison v. Hall*,

22   261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839

23   F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff to be construed liberally,

24

affording plaintiff benefit of any doubt).  In this case, the court has construed the complaint liberally in an attempt to interpret the claims that plaintiff is bringing and the factual basis for any such claims.   It appears that plaintiff is alleging federal question jurisdiction pursuant to the following provision of the first amended complaint:

<u>SECOND CAUSE OF ACTION–DISCRIMINATION IN A PLACE OF PUBLIC</u>

<u>ACCOMMODATION ON THE BASIS OF RACE AND DISABILITY</u>

**(For Discrimination in a Place of Public Accommodations on the basis of race under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e and following) against Defendants JOHN HART, D.O., SO YUN PARK GRACE, M.D. AND JOY ERICKSON, P.A.  For Discrimination in a Place of Public Accommodations on the basis of disability under Section 504 of the Rehabilitation Act, 29, [sic] U.S.C. § 794(a) and under Americans with Disabilities Act, U.S.C. § 12101 *et seq.*) against Defendants JOHN HART, D.O. SO YUN PARK GRACE, M.D. AND JOY ERICKSON, P.A.)**

Dkt.9, at 18.  The court will analyze plaintiff's claims under Titles II and VI of the Civil Rights Act of 1964, and claims under the Americans with Disabilities Act and the Rehabilitation Act.

**1.  Discrimination under Title VII of Civil Rights Act of 1964**

Plaintiff apparently alleges that defendants violated Title VII of the Civil Rights Act by discriminating against her on the basis of race or ethnicity when they failed to diagnose and treat her kidney disease, other internal organ failure and gastro esophageal reflux disease.  The factual allegations involve plaintiff's medical treatment from 2006 until October 15, 2010.  Dkt. 9.  The complaint states that "[i]n March 2012, Plaintiff started suffering of [sic] symptoms of esophageal cancer and head cancer, which has caused her more severe pain and worsened her condition and her disability." Dkt. 9, at 11.

Under Title VII of the Civil Rights Act of 1964, it is unlawful "for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

1  because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-

2  2(a)(1).

3      *Time Limit.*  To establish federal subject matter jurisdiction, a plaintiff is required to

4  exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.

5  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.2002).  Under Title VII, a plaintiff

6  must exhaust administrative remedies by filing a timely charge with the EEOC, or the

7  appropriate state agency, thereby affording the agency an opportunity to investigate the charge.

8  42 U.S.C. § 2000e-5(b); *see also B.K.B.*, 276 F.3d at 1099.  Title VII contains a maximum 300-

9  day statute of limitations.  See 42 U.S.C. § 2000e-5(e)(1)(requiring filing of a charge with the

10  Equal Employment Opportunity Commission within 300 days after the alleged unlawful

11  employment practice occurred, if the aggrieved person initially instituted proceedings with a

12  state or local authority).  Even assuming that plaintiff filed a timely charge with the EEOC or the

13  appropriate state entity, and even if she somehow alleged an unlawful employment practice, she

14  did not file this action within the 300 days set forth by statute.  Plaintiff has not set forth an

15  adequate basis for equitable tolling of the time period. The claim is subject to dismissal on this

16  basis alone.

17      *Failure to State a Claim.*  Even more significant, however, is that plaintiffs claim of

18  discrimination under Title VII fails to state a claim.  This complaint relates to medical care, not

19  to employment.  Plaintiff's Title VII claims should be dismissed.

20      **2.  Discrimination under Title II of Civil Rights Act of 1964**

21      Plaintiff apparently alleges that defendants violated Title II of the Civil Rights Act by

22  discriminating against her on the basis of race or ethnicity when they failed to diagnose and treat

23  her kidney disease, other internal organ failure and gastro esophageal reflux disease.

24

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, provides as follows:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

*Notice.* The enforcement provision of Title II contains a notice provision, which prohibits a plaintiff from bringing a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C. § 2000a-3(c).

The State of Washington has a law prohibiting discrimination based on race in places of public accommodation, and the Washington Human Rights Commission has authority to grant relief from such discrimination. See RCW 49.60.030(1)(b); RCW 49.60.120(4); RCW 49.60.215(1); RCW 49.60.230. Because there is a Washington state law prohibiting racial discrimination in places of public accommodation and an agency authorized to grant relief for such conduct, a plaintiff bringing a civil action for a Title II claim of racial discrimination in the State of Washington must first file written notice with the Washington Human Rights Commission at least thirty days before brining any action in federal court. Defendants contend that plaintiff failed to allege that she provided the required notice before filing suit. In support of her response, plaintiff submitted a copy of a December 28, 2010 complaint to the Washington State Human Rights Commission, alleging that she was discriminated against because of her national origin. Dkt. 34-1, at 3. Assuming that plaintiff properly filed a complaint with the Washington Human Rights Commission, her Title II claim should not be dismissed on the basis that she failed to provide the required notice.

1    *Money Damages.*  Plaintiff's first amended complaint requests damages and "such further

2    and other relief as this court deems just and proper." Dkt. 9, at 22.

3        Title II recognizes a private cause of action for preventive relief, including an application

4    for a permanent or temporary injunction, restraining order, or other such order.  42 U.S.C. §

5    2000a-3(a).  Title II does not provide for a private right of action for money damages.  *See Grant*

6    *v. Alperovich*, 2014 WL 1317611, at *2 (W.D. Wash. March 27, 2014).

7        Plaintiff has requested damages for alleged violation of her rights.  Such a claim is not

8    cognizable under Title II, and the claim should be dismissed.

9        *Evidence of Discrimination.*  The court has reached this issue as an alternative basis for

10   dismissing the claim.

11       Defendants have provided an expert opinion of David R. Ruiz, M.D., who reviewed the

12   medical records and determined that there was no evidence that defendants "denied Ms. Ramirez

13   adequate medical care or mistreated her because of her Mexican-American race or her alleged

14   disability." Dkt. 30, at 3.  Defendants have raised an issue regarding this claim; the burden shifted

15   to plaintiff to make a sufficient showing on all essential elements of her claim, on which she has

16   the burden of proof.  Plaintiff has provided evidence that she is a member of a protected class

17   based upon her Mexican-American ethnicity.  Plaintiff has not provided evidence that she was

18   discriminated against in a place of public accommodation on account of her race or ethnicity.

19   Her conclusory statement that she was discriminated against on the basis of her race or ethnicity

20   is insufficient to raise an issue of fact regarding this claim.  The Title II Civil Rights claim

21   should be dismissed because plaintiff has not supported her claim by any competent evidence.

22   *See* Fed.R.Civ.P. 56(c)(1).

23       For the above reasons, the Title II claim should be dismissed.

24

1           **4.  Section 504 of Rehabilitation Act**

2           Plaintiff apparently claims that defendants discriminated against her on the basis of her

3    disability by denying her medical care.

4           Rehabilitation Act § 504 forbids organizations that receive federal funding, including

5    public schools, from discriminating against people with disabilities.  29 U.S.C. § 794(b)(2)(B);

6    *Mark H.,* 513 F.3d at 929; *Bird v. Lewis & Clark Coll.,* 303 F.3d 1015, 1020 (9th Cir.2002).

7    Section 504 provides that "no otherwise qualified individual with a disability ... shall, solely by

8    reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

9    be subjected to discrimination under any program or activity receiving Federal financial

10   assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4. If an organization that receives

11   federal funds violates Rehabilitation Act § 504 intentionally or with deliberate indifference, it

12   may be liable for compensatory damages. *See Mark H.,* 513 F.3d at 930, 938.

13          *Statute of Limitations.*  The statute of limitations for a claim under the Rehabilitation Act

14   is provided by analogous state law.  *Douglas v. Cal. Dept. of Youth Auth.,* 271 F.3d 812, 823 n.

15   11 (9th Cir. 2001).  A claim under the Washington Law Against Discrimination, which prohibits

16   disability discrimination,  must be brought within three years under the general statute of

17   limitations for personal injury actions in RCW 4.16.080(2).  *Antonius v. King County*, 153

18   Wn.2d 256, 262 (2004).

19          Plaintiff's Rehabilitation Act claim concerns the same conduct that underlies her medical

20   malpractice claim.  The Rehabilitation Act claim was not filed within the three year period of

21   limitations.  Plaintiff has not forth sufficient basis for equitable tolling.  With the exception of

22   alleged contact by Dr. Park Grace and Ms. Erickson on October 15, 2010, the Rehabilitation Act

23   claims are barred by the statute of limitations.

24

1        *Claims Against Individual Defendants*.  Regarding the claims against Dr. Park Grace and

2 Ms. Erickson for their conduct on October 15, 2010, those claims should be dismissed because

3 Section 504 of the Rehabilitation Act does not provide for suits against individual defendants in

4 their individual capacities.  *Chester v. University of Washington*, 2012 WL 3599351, at *4 (W.D.

5 Wash. August 21, 2012).

6        *Evidence of Discrimination*.  The court has reached this issue as an alternative basis for

7 dismissing the claim.  Defendants have provided an expert opinion of David R. Ruiz, M.D., who

8 reviewed the medical records and determined that there was no evidence that defendants "denied

9 Ms. Ramirez adequate medical care or mistreated her because of her Mexican-American race or

10 her alleged disability." Dkt. 30, at 3.  Defendants have raised an issue regarding this claim; the

11 burden shifted to plaintiff to make a sufficient showing on all essential elements of plaintiff's

12 claim, on which plaintiff has the burden of proof.  Plaintiff has not provided evidence in support

13 of this claim.  The Section 504 Rehabilitation Act claim should be dismissed because plaintiff

14 has not supported her claim by any competent evidence.  *See* Fed.R.Civ.P. 56(c)(1).

15     **5. Americans with Disabilities Act**

16        Plaintiff apparently claims that defendants discriminated against her on the basis of her

17 disability by denying her medical care.

18        42 U.S.C. § 12182(a) provides in relevant part that "[n]o individual shall be discriminated

19 against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

20 privileges, advantages, or accommodations of any place of public accommodation by any person

21 who owns, leases (or leases to), or operates a place of public accommodation."

22        *Statute of Limitations*.  The statute of limitations for a claim under the Americans with

23 Disabilities Act is provided by analogous state law.  *See Wilson v. Garcia* 471 U.S. 261, 266-67

24

1  (1985); *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002).  A claim

2  under the Washington Law Against Discrimination, which prohibits disability discrimination,

3  must be brought within three years under the general statute of limitations for personal injury

4  actions in RCW 4.16.080(2).  *Antonius v. King County*, 153 Wn.2d at 262.

5        Plaintiff's Americans with Disabilities Act claim concerns the same conduct that underlies

6  her medical malpractice claim.  Plaintiff has not shown that she is entitled to equitable tolling.

7  With the exception of alleged contact by Dr. Park Grace and Ms. Erickson on October 15, 2010,

8  all of the Rehabilitation Act claims are barred by the statute of limitations, and should,

9  accordingly, be dismissed.

10        *Money Damages*.  Plaintiff's first amended complaint requests damages and "such further

11  and other relief as this court deems just and proper." Dkt. 9, at 22.

12        Title III of the ADA only recognizes a private cause of action for preventive relief,

13  including application for a permanent or temporary injunction, restraining order, or other such

14  order.  42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a).  Title III does not provide for a private

15  right of action for money damages.  *See Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir.

16  2007) ("Monetary damages are not available in private suits under Title III of the ADA").

17        Plaintiff has requested damages for alleged violation of her rights.  Such a claim is not

18  cognizable under Title III of the ADA, and the claim should be dismissed.

19        *Evidence of Discrimination*.  The court has reached this issue as an alternative basis for

20  dismissal of the claim.  Under Title II of the ADA, a plaintiff must show that: (1) he or she is

21  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

22  or operates a place of public accommodation; and (3) the plaintiff was denied public

23

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 14

1  accommodations by the defendant because of plaintiff's disability.  *Arizona ex rel. Goddard v.*

2  *Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

3         Defendants have provided an expert opinion of David R. Ruiz, M.D., who reviewed the

4  medical records and determined that there was no evidence that defendants "denied Ms. Ramirez

5  adequate medical care or mistreated her because of her Mexican-American race or her alleged

6  disability." Dkt. 30, at 3.  Defendants have raised an issue regarding this claim; the burden shifted

7  to plaintiff to make a sufficient showing on all essential elements of plaintiff's claim, on which

8  plaintiff has the burden of proof.  Plaintiff has not provided evidence in support of this claim.

9  The ADA claim should be dismissed because plaintiff has not supported her claim by any

10 competent evidence.  *See* Fed.R.Civ.P. 56(c)(1).

11     **6.  Medical Malpractice**

12        Defendants contend that plaintiff's medical malpractice claim is barred to the extent that it

13 is based on conduct that occurred before October 2, 2010; and that defendants' medical treatment

14 of plaintiff met the applicable standards of care and was not a proximate cause of any of

15 plaintiff's alleged injuries. Dkt. 28, at 8-9.

16        Plaintiff claims that defendants committed medical malpractice, by failing to diagnose

17 and treat her kidney disease, other internal organ failure and gastro esophageal reflux disease.

18 This cause of action for medical malpractice is governed by Washington law.  *See Paulson v.*

19 *CNF, Inc.,* 559 F.3d 1061, 1080 (9th Cir. 2009)(applying state law to professional negligence

20 claim); *Bass v. First Pac. Networks, Inc.,* 219 F.3d 1052, 1055 n. 2 (9th Cir. 2000)("[A] federal

21 court exercising supplemental jurisdiction over state law claims is bound to apply the law of the

22 forum state to the same extent as if it were exercising its diversity jurisdiction.").

23

24

1    Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all

2  other claims that are so related to claims in the action within the original jurisdiction so that they

3  form part of the same case or controversy.  The Court may decline to exercise this supplemental

4  jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim

5  substantially predominates over the claim or claims over which the district court has original

6  jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

7  or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

8  28 U.S.C. § 1367(c).

9    The claims in this case raise issues of state law that substantially predominate over the

10  claims over which this court has original jurisdiction.  In fact, the claims plaintiff pled to support

11  federal question jurisdiction are frivolous and without merit.  Those claims are dismissed by this

12  order.  The court should decline to exercise supplemental jurisdiction over plaintiff's state law

13  claims, and should dismiss those claims without prejudice.

14  **7.  Potential Claims**

15    In her response to the motion for summary judgment, plaintiff referenced 42 U.S.C. §

16  1981 and 42 U.S.C. § 1983.  To the extent plaintiff intends to plead claims under those

17  provisions, any such claims are without merit.  There is no factual basis supporting those claims;

18  defendants are not state actors for purposes of Section 1983; and any such claims would be

19  barred by the applicable three year statute of limitations.  *See Goodman v. Lukens Steel Co*., 482

20  U.S. 656, 660-62 (1987) and RCW 4.16.080(2).  To the extent that plaintiff intends to plead

21  claims under these provisions, those claims should be dismissed.

22  **8.  Attorney's Fees**

23

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 16

1         In their motion for summary judgment, defendants requested attorney's fees incurred in

2    defense of plaintiff's federal claims: 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 2000a-3(b), 29 U.S.C. §

3    794a(b), and 42 U.S.C. § 12205.  Dkt. 28, at 19.  Plaintiff was informed that she should address

4    this request in her response to the motion for summary judgment.  In her response, plaintiff

5    maintains that she is not a serial litigator;  that she filed lawsuits against defendants  and other

6    health care providers to bring them to justice for the ongoing physical and psychological harm

7    that they caused her and for defaming her character; and that she believes she should be

8    compensated for the damage caused by defendants.

9         In civil rights cases, a district court may award attorney's fees to a prevailing defendant

10   only in exceptional circumstances where the plaintiff's claims are frivolous, unreasonable, or

11   groundless. *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 418-22 (1978).  A fee-

12   shifting provision is distinguishable from a sanction. *See Chambers v. NASCO, Inc.,* 501 U.S. 32,

13   52-53 (1991)(distinguishing fee-shifting rules from sanctions by stating that fee-shifting rules

14   "embody a substantive policy, such as a statute which permits a prevailing party in certain classes

15   of litigation to recover fees," whereas sanctions are not outcome dependent).

16        Defendants have submitted information from other cases plaintiff has filed in federal

17   court, against other medical providers, alleging substantially the same malpractice claims, and

18   essentially the same claims upon which federal jurisdiction is based:  *Ramirez v. Orfali, et al*,

19   District of Oregon Case No. 11cv1277AA (Oregon defendants; dismissed); *Ramirez v. Chow, et*

20   *al*, Western District of Washington, Case No. C12-5630RBL/JRC (Washington defendants;

21   dismissed; affirmed by Ninth Circuit*); Ramirez v. Petrillo, et al*, District of Oregon Case No.

22   12cv1472ST (Oregon defendants; dismissed; affirmed by Ninth Circuit); *Ramirez v Parker*,

23   District of Oregon Case No. 13cv1772AC (Oregon defendants; pending).

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 17

1    The claims upon which federal jurisdiction is based in this case are substantially the same

2    as those plaintiff pled in prior cases, and which were dismissed.  Plaintiff's claims under the Civil

3    Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act are frivolous and fail

4    to state a claim.

5    The court will exercise its discretion to deny defendants' request for attorney's fees in this

6    case.  The court has carefully analyzed the claims upon which plaintiff bases federal court

7    jurisdiction.  Plaintiff should be aware that, if she continues to file cases that assert federal

8    question jurisdiction under 28 U.S.C. § 1331, based upon the same claims that this court has

9    rejected, she may be subject to an award of costs and attorney's fees under the relevant statutes,

10   and/or she may be subject to sanctions under Fed.R.Civ.P. 11.

11   **8.  Additional Considerations**

12   Plaintiff initially filed a request to proceed *in forma pauperis*; the court denied that

13   request and plaintiff paid the filing fee.  In the event that plaintiff files an appeal in this case with

14   the Ninth Circuit, and in the event that plaintiff requests to proceed *in forma pauperis* on appeal,

15   the court should deny plaintiff's request to proceed *in forma pauperis* on appeal, without

16   prejudice to plaintiff to file with the Ninth Circuit a request to proceed *in forma pauperis*.

17

18   Accordingly, it is hereby **ORDERED** that Plaintiff's request that the court deny, defer, or

19   continue defendants' motion for summary judgment until discovery has been completed (Dkt. 34,

20   at 1-2) is **DENIED**.  Defendants' Motion for Summary Judgment (Dkt. 28) is **GRANTED** in the

21   following respect:  All claims under Titles II and VII of the Civil Rights Act of 1964, the

22   Americans with Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1981 and 42 U.S.C. § 1983

23   are **DISMISSED WITH PREJUDICE**.  The court **DECLINES** to exercise supplemental

24

1    jurisdiction over plaintiff's state law claims, and those claims are **DISMISSED.** Defendants'

2    request for attorney's fees is **DENIED**. In the event that plaintiff files an appeal in this case with

3    the Ninth Circuit, and in the event that plaintiff requests to proceed *in forma pauperis* on appeal,

4    that request is **DENIED**, without prejudice to plaintiff to file with the Ninth Circuit a request to

5    proceed *in forma pauperis*.   Other than a Notice of Appeal, any document plaintiff files in this

6    case in the future will be docketed by the Clerk but will not be acted upon by the court.

7         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8    to any party appearing *pro se* at said party's last known address.

9         Dated this 23rd day of May, 2014.

10

11

12         ROBERT J. BRYAN
           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 19